**In the Interest of T.A.**

**Robert A. GUSTAFSON, Petitioner and Appellee,**

**v.**

**T.A., Respondent and Appellant.**

**Civ. No. 910197.**

Supreme Court of North Dakota.

June 25, 1991.

Paul C. Seado (argued), Asst. States Atty., Bismarck, for petitioner and appellee.

Gregory I. Runge (argued), Bismarck, for respondent and appellant.

MESCHKE, Justice.

This is an expedited appeal from an order committing T.A. to St. Alexius Medical Center for 90 days for treatment of his mental illness. We affirm.

T.A. has a history of chronic paranoid schizophrenia with prior commitments for treatment. In April, 1991 he intentionally rammed the parked car of one of his former counselors. The supervisor of the West Central Human Service Center applied for his emergency admission. Following a temporary 14 day commitment and after a treatment hearing, the county court committed him to St. Alexius Medical Center for 90 days of treatment. T.A. appealed.

On appeal, T.A. argues that the trial court abused its discretion in questioning his treating physician with leading questions and in reopening the record to hear testimony about the lack of alternatives to hospitalization, that the filed written reports of his medical examination and of the availability of alternative treatment options were not updated for his treatment hearing, and that there was no clear and convincing evidence that he required hospitalization for treatment.

■ A "[p]erson requiring treatment" is "a person who is mentally ill ... and there is a reasonable expectation that if the person is not treated there exists a serious risk of harm to that person, others, or property." NDCC 25–03.1–02(10). " 'Serious risk of harm' [includes] a substantial likelihood of ... [s]ubstantial deterioration in mental health which would predictably result in dangerousness to that person, others, or property, based upon acts, threats, or patterns in the person's treatment history, current condition, and other relevant factors." *Id.* Involuntary commitment is authorized only upon clear and convincing evidence that a respondent requires treatment. *In the Interest of M.B.*, 467 N.W.2d 902, 903 (N.D.1991). A majority of this court holds that the trial court's determination, that a respondent needs treatment, is a finding of fact reviewed under NDRCivP 52(a). *Kottke v. U.A.M.*, 446 N.W.2d 23, 26 (N.D.1989). We will not set aside that finding of fact unless it is clearly erroneous. *Id.* We conclude that there was clear and convincing evidence here that T.A. was a "person requiring treatment."

The trial court found that T.A. was suspicious and paranoid, "has taken impulsive aggressive actions including ramming a car," and has exhibited behavior evidencing dangerousness to himself, others, and property. Uncontradicted testimony showed that T.A. has a history of "destructive behavior." The report of examination said that T.A. "admitted intentionally running into the counselors car to express his anger & frustration," because he "blames this social worker [as] responsible for his mental disorder diagnosis." After ramming his former case worker's car, T.A. stated to an officer, "I hate that [deleted] bitch." There was also evidence that he made other threatening statements. His treating physician predicted that, if T.A. "doesn't take his medication there will be deterioration of his mental condition" that would be substantial. This history, aggressive behavior, and prognosis, combined with evidence that T.A. had not been taking prescribed medications for five months, amply supports the finding that T.A. requires treatment.

T.A. complains that the trial judge asked leading questions of the treating physician, a "non-hostile, cooperative witness," in order "to establish the necessary elements for the petitioner." T.A. did not object to any of the court's questions at the treatment hearing, and objects for the first time on this appeal. A trial court is authorized to interrogate witnesses. NDREv 614(b). *See also* NDREv 611(c) on leading questions. Under NDREv 103(a), error may not be predicated on admission of evidence unless a timely objection was made.

■ T.A.'s counsel argued to the trial court, in closing, that no current written

report on availability and appropriateness of alternative treatment had been filed. Thereafter, the trial court reopened the record for more evidence. After reopening, the trial court heard additional testimony from T.A.'s treating physician about the lack of any other available treatment for T.A.'s present condition. The physician testified that hospitalization was necessary to control T.A.'s aggressive behavior and to stabilize his medication. T.A. argues that the trial court abused its discretion by receiving this additional evidence. The trial court controls the orderly presentation of evidence to "make the interrogation and presentation effective for the ascertainment of the truth," among several purposes. NDREv 611(a). We conclude that the trial court did not abuse its discretion in reopening the evidentiary record for additional testimony on an important factor.

■ "Before making its decision in an involuntary treatment hearing," a trial court must "review a report assessing the availability and appropriateness for the respondent of treatment programs other than hospitalization...." NDCC 25–03.1–21(1). If another course than hospitalization is adequate for treatment and prevention of harm, the court is directed to use that alternative, rather than involuntary commitment. *Id.* T.A. argues that the written reports of his medical examination and of the assessment of alternative treatments, both filed at the emergency hearing, were inadequate and outdated for the treatment hearing. T.A. points out that he had already spent two weeks in treatment, and argues that that circumstance made a more recent assessment of his condition necessary. The trial court agreed that "the report assessing availability of alternatives should have been in writing and should have contained ... more detailed information than was provided...." However, the trial court concluded that T.A. was not actually prejudiced because he "did have an opportunity to question the doctor with regard to any alternatives which might have existed...."

The rules of evidence govern all proceedings in the courts. NDREv 101. The ideal record, of course, would be a current and complete written report put in evidence as a marked exhibit. *See O'Callaghan v. L.B.*, 447 N.W.2d 326 (N.D.1989). The written reports filed at the emergency commitment hearing said that alternative treatment was not in the best interests of T.A. for reasons of "stabilization & prevent from hurting others." Testimony at the treatment hearing substantiated that hospitalization was necessary for monitoring medication and "for control of his aggressive behavior."

In these circumstances, we conclude that the petitioner's deviation in not submitting current written reports for the treatment hearing was harmless error. NDRCivP 61. We affirm the trial court's determination that a "treatment program other than hospitalization is not adequate to meet [T.A.'s] treatment need at this time because it is necessary that there be a controlled environment in order to treat him...."

We affirm the order hospitalizing T.A. for involuntary treatment for 90 days.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE, and GIERKE, JJ., concur.